UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * | MDL 2179 |
| | * | SECTION: J |
| | * | JUDGE BARBIER |
| This Document Relates To: *Pleading Bundle B1* | * | MAG. JUDGE WILKINSON |

| | | |
|---|---|---|
| ULTRA WIRELINE SERVICES, LLC Plaintiff, | * | CIVIL ACTION No. _____ |
| VERSUS | * | SECTION J |
| BP PLC, BP EXPLORATION AND PRODUCTION, INC., BP AMERICA PRODUCTION COMPANY, TRANSOCEAN, LTD., TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., TRANSOCEAN DEEPWATER, INC., TRANSOCEAN HOLDINGS, LLC, TRITON ASSET LEASING GMBH, M-I, LLC, CAMERON INTERNATIONAL CORPORATION F/K/A COOPERCAMERON CORPORATION, ANADARKO PETROLEUM CORPORATION CO, ANADARKO E&P COMPANY LP, MOEX OFFSHORE 2007 LLC, MOEX USA CORPORATION, MITSUI OIL EXPLORATION CO., LTD., AND HALLIBURTON ENERGY SERVICES, INC., Defendants. | * * * * * * * * * | MAG. JUDGE WILKINSON |

## **COMPLAINT**

1.

On or about April 20, 2010, the Deepwater Horizon drilling platform exploded and sank, causing a spill ("Oil Spill") of over 200 million gallons of crude oil from the Macondo Well, MC-252, and resulting in the worst maritime environmental disaster in United States History.

2.

Plaintiff, Ultra Wireline Services, LLC, has suffered economic injury, damage, and/or losses as a result of the Oil Spill.

3.

Plaintiff brings this civil action as a related action in the matter entitled IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010, MDL No. 2179.

4.

Plaintiff, Ultra Wireline Services, LLC, is an entity incorporated in Louisiana with its principal place of business in Belle Chase, Louisiana. Plaintiff claims damages as set forth below.

5.

In filing this Complaint, Plaintiff hereby asserts by adoption and reference a claim in the Complaint and Petition of Triton Asset Leasing GmbH, et al., No. 10-2771; adopts and incorporates the Master Answer [Rec. Doc. 244] to the Complaint and Petition of Triton Asset Leasing GmbH, et al., in No 10-2771; and intervenes into, joins and otherwise adopts the Master Complaint [Rec. Doc. 879] for private economic losses ("B1 Bundle") filed in MDL No. 2179 (10 md 2179), including any subsequent supplemental or amending complaints thereto. Please see Sworn Statement attached hereto as Exhibit A.

6.

Plaintiff brings this case against the following defendants:

a)  BP Exploration & Production, Inc., a Delaware corporation with its principal place of business in Warrenville, Illinois. This Court has personal jurisdiction over BP Exploration because BP Exploration is registered to do business in Louisiana, does business in Louisiana, and has a registered agent in Louisiana;

b)  BP America Production Company, a Delaware corporation with its principal place of business in Houston, Texas. This Court has personal jurisdiction over BP America because BP America is registered to do business in Louisiana, does business in Louisiana and has a registered agent in Louisiana;

c)  BP p.l.c., a British public limited company with its corporate headquarters in London, England. This Court has general jurisdiction over BP p.l.c. pursuant to Louisiana's long arm general jurisdiction provision, in combination with Rule 4(k)(l)(A) of the Federal Rules of Civil Procedure.

BP Exploration & Production, Inc., BP America Production Company, and BP p.l.c. are referenced herein collectively as "BP."

7.

Jurisdiction and venue exist before this Court. Specific allegations of jurisdiction and venue as set forth in the Master Complaint, including any subsequent supplemental or amending complaints thereto, are adopted and pled herein.

Upon current information and belief, Plaintiff sustained injuries and damages from the BP Oil Spill as a result of the following factual circumstances:

Plaintiff's claim for damages results from a reduction in economic earnings caused directly by the Oil Spill.  Plaintiff is a company which regularly provided support and services to the oil and gas industry at the time of the Oil Spill.  The Oil Spill resulted in a moratorium being placed on the oil and gas industry which directly caused a reduction in Ultra Wireline Services, LLC's business.  Plaintiff suffered economic losses as a direct result of the moratorium caused by the Oil Spill.

8.

Plaintiff contends that Plaintiff's previous transmissions, communications, and/or claims made by Plaintiff to BP and/or BP's agents/representatives/administrators were sufficient to protect all of Plaintiff's rights in this matter, including the full satisfaction of the "Presentment" requirement under the Oil Pollution Act (OPA) to BP as the "Responsible Party" under OPA. The time period for BP to respond to Plaintiff's Presentment claim has expired, and BP either denied Plaintiff's claim or otherwise failed to accept or sufficiently respond to Plaintiff's demand. Accordingly, Plaintiff is entitled to file the instant Complaint.

9.

In addition to Plaintiff's other transmissions, communications and/or claims, Plaintiff, out of the abundance of caution, made and/or re-made claim Presentment in accord with 33 USC §2702(b) and §2713 by submitting a description of the claim with a "sum certain" demand and with supporting documentation to BP as the "Responsible Party" under OPA electronic transmission, on or about January 17, 2013. BP either denied Plaintiff's claims or otherwise failed to accept or respond within 90 days of Presentment. Plaintiff has thus satisfied the mandatory condition precedent to file this civil action under OPA.

10.

Plaintiff's claims for relief against each of the Defendants are adopted anew from the Master Complaint referenced above, including any subsequent supplemental or amending complaints thereto, and are incorporated and re-alleged herein. Said claims include, but are not limited to, all applicable claims under the general maritime law and the Oil Pollution Act, as well as State Law Claims for Relief, Punitive Damages and Declaratory Relief.

11.

As a result of the Defendants' negligence, strict liability, gross negligence, willful and wanton conduct, and violations of applicable safety, construction or operating regulations/statutes, Plaintiff has sustained and will continue to sustain damages indefinitely into the future. Said damages sustained by Plaintiff and recoverable from the named Defendants include, but are not limited to, the following:

a) economic, income, property and compensatory damages;

b) punitive and/or exemplary damages;

c) pre-judgment and post-judgment interest at the maximum rate allowed by law;

d) attorneys' fees, claims preparation expenses, and costs of litigation;

e) declaratory and injunctive relief; and,

f) such other and further relief and damages available under all applicable state and federal laws, as well as any and all relief that the Court deems just and appropriate.

WHEREFORE, Plaintiff prays for judgment against Defendants, jointly, severally and individually, for the injuries and damages as set forth above, any and all other and further relief and damages available under all applicable state and federal laws, and any general and equitable relief that the Court deems just and appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in Plaintiff's favor and against Defendants, as follows:

a) awarding Plaintiff actual damages, including compensatory and consequential damages, in an amount to be determined at trial;

b) awarding Plaintiff exemplary or punitive damages;

c) awarding Plaintiff pre-judgment and post-judgment interest at the highest lawful rates;

d)  awarding Plaintiff such costs and disbursements as are incurred in prosecuting this action, including reasonable attorneys' and experts' fees; and,

e)  granting Plaintiff such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial for any and all claims pled herein which a jury trial is available by law.

## WAIVER OF SERVICE

Plaintiff will request that defendants waive service pursuant to Federal Rule of Civil Procedure 4(d).

Respectfully submitted,

**MARTZELL, BICKFORD, & CENTOLA**

*/s/ Lawrence J. Centola, III*
**LAWRENCE J. CENTOLA, III (#27402)**
**CHRISTOPHER H. CARBINE (#36326)**
338 Lafayette Street
New Orleans, Louisiana 70130
(504) 581-9065
(504) 581-7635 (Fax)
ljc@mbfirm.com
chc@mbfirm.com

## **CERTIFICATE OF SERVICE**

       I hereby certify that the above and foregoing Complaint has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 2nd day of June, 2017.

**Counsel for BP**
Attn: J. Andrew Langan
Kirkland & Ellis LLP
300 North LaSalle St.
Suite 2400
Chicago, IL 60654

**MDL 2179 Plaintiffs' Steering Committee**
Attn: Steve Herman or Jim Roy
The Exchange Centre, Suite 2000
935 Gravier Street
New Orleans, LA 70112

*/s/ Lawrence J. Centola, III*
Lawrence J. Centola, III